IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**CHRISTOPHER DIONNE,**

            **Plaintiff,**

v.                                       Case No. 2:23-cv-02531-JTF-cgc

**CARLOS DEL TORO,**
**SECRETARY,**
**DEPARTMENT OF THE NAVY,**

            **Defendant.**

---

**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S MOTION TO DISMISS**

---

Before the Court is Defendant Carlos Del Toro, Secretary of the United States Navy's, Motion to Dismiss (Docket Entry ("D.E.") #11), filed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Pursuant to Administrative Order 2013-05, Defendant's Motion to Dismiss has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss be GRANTED.

**I.    Background**

On August 25, 2023, Plaintiff Christopher Dionne filed his Complaint in this case. Plaintiff alleges that the Navy Recruiting Command ("NRC") suspended his access to classified material on October 7, 2019 and that they placed him on an indefinite suspension without pay and allowances on November 6, 2019 pending the resolution of his security clearance determination. (Compl. at PageID 2, ¶ 1). Plaintiff alleges that NRC did so in violation of the following provisions

of the United States Code:  5 United States Code Section 7513 ("Section 7513"); 18 United States Code Section 4 ("Section 4"); 18 United States Code Section 1001 ("Section 1001"); 18 United States Code Section 1519 ("Section 1519"); and, 28 United States Code Section 4101 ("Section 4101").  (Compl. at PageID 3-16).  Plaintiff alleges that his security clearance was ultimately reinstated on February 3, 2021, at which time he returned to paid employment with Defendant.  (Compl. at PageID 2, ¶ 1).

On November 27, 2023, Defendant filed the instant Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Specifically, Defendant first argues that there is no private right of action to file a civil suit pursuant to Section 4, Section 1001, Section 1519, or Section 4101.  Second, Defendant argues that this Court does not have jurisdiction pursuant to Section 7513 to review decisions of the Executive Branch involving the classification of or access to information bearing upon national security absent a specific authorization from Congress, which does not exist here.  Third, in the alternative, Defendant argues that Plaintiff's Section 7513(b) claim for alleged violations of statutory due process protections is untimely and fails to state a claim upon which relief may be granted.

On February 16, 2024, the Court issued an Order to Show Cause directing Plaintiff to respond to Defendant's Motion to Dismiss.  (D.E. #19).  On February 29, 2024, Plaintiff filed his Response arguing, without legal citation, that this Court is the appropriate and only venue for legal resolution of his claims.

## II. Proposed Analysis

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion that attacks jurisdiction based upon the face of the pleading requires that the court accept the non-moving party's allegation of facts as true. *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir.2004). A Rule 12(b)(1) motion that challenges the factual basis of the court's jurisdiction requires the party asserting jurisdiction bears the burden of establishing it. *Id.* The Court must be satisfied that the jurisdictional and standing requirements are met before addressing the substance of Plaintiff's claims on the merits. *Bell v. Hood*, 327 U.S. 678, 682 (1946).

### a. Sections 4, 1001, 1519, and 4101

Sections 4, 1001, and 1519 are provisions of federal criminal law, and Section 4101 contains definitions for the chapter of the United States Code that pertains to Foreign Judgment. A review of these statutes reflects that they do not contain any private right of action that may give rise to an action here. *See, e.g. Sanders v. Hill*, No. 5:23-cv-1949, 2023 WL 8544229, at *2 (N.D. Ohio Dec. 11, 2023) (concluding that Section 4101 does not contain a private right of action); *Peavey v. Holder*, 657 F. Supp. 2d 180, 190-91 (D.D.C. 2009) (concluding that there are no private rights of action under Sections 1001 and 1519); *Ronald D. Briggs v. Payless Cashways*, No. 91-2010 HA, 1993 WL 273361 (W.D. Tenn. 1993) (concluding that there is no private right of action under Section 1001); *Pankey v. Webster*, 816 F. Supp. 553, 559 (W.D. Mo. 1993) (concluding that Section 4 does not contain a private right of action). When no private right of action exists, this Court lacks subject matter jurisdiction over the alleged claim. *See, e.g.*, *Stew Farm, Ltd. v. Natural Resources Conservation Srvs*, 767 F.3d 554, 562-63 (6th Cir. 2014). Accordingly, it is

RECOMMENDED that these claims be DISMISSED pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### b. Section 7513

Plaintiff's final claim rests upon whether the Navy complied with Section 7513, which provides for the requirements for an agency to take an action against an employee "for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a). It states that the employee is generally entitled to written notice, a reasonable time to respond, the opportunity to be represented by an attorney or other representative, and a written decision detailing the specific reasons for the decision at the earliest practicable date. 5 U.S.C. § 7513(b). The employee typically has a right to appeal the decision to the Merit Selection Protection Board ("MSPB"), 5 U.S.C. § 7513(d), and then may request judicial review, 5 U.S.C. § 7703.

When the action at issue pertains to the grant or denial of an Executive Branch national security clearance, however, federal courts may only exercise jurisdiction if specifically authorized to do so. In *Department of the Navy v. Egan*, 484 U.S. 514 (1988), the Supreme Court held that determinations of who should maintain national security clearances rests within the Executive Branch. *Id*. at 521-30. The rationale for this is clear, as the President, as Commander and Chief of the Navy of the United States, has the "authority to classify and control access to information bearing on national security and to determine whether an individual is sufficiently trustworthy to occupy a position in the Executive Branch that will give that person access to such information flows primarily from this constitutional investment of power in the President and exists quite apart from any explicit congressional grant." *Id*. at 527. For this reason, the grant or denial of security clearance to a particular employee is a "sensitive and inherently discretionary judgment" that must only be undertaken by the appropriate agency of the Executive Branch. *Id*. at 527. "Although

*Egan* involved only administrative review of security clearance decisions, every federal court to have considered the issue has extended its rationale to similarly preclude *judicial* review of security clearance determinations." *James L. Hale v. Bill Johnson*, No. 1:15-cv-14, 2016 WL 8673579, at n.8 (E.D. Tenn. Feb. 2, 2016).

Defendant argues that Congress has not granted any specific authorization for judicial review here and that no other basis for such review of a determination so squarely within the province of the Executive Branch exists. *See id*. at 521-30; *see also Campbell v. McCarthy*, 952 F.3d 193 (4th Cir. 2020); *Salinas-Nix v. Dep't of the Army*, 527 Fed. Appx. 956 (Fed. Cir. 2013). Plaintiff's Response fails to cite any authority that would permit this Court to undertake such review, and the Court is compelled by the weight of authority stating that judicial deference to the decisions of the Executive Branch is appropriate. Accordingly, it is RECOMMENDED that this Court lacks subject matter jurisdiction to consider Plaintiff's Section 7513 claim.

### III.     Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss be GRANTED.

**SIGNED** this 11th day of July, 2024.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**