IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
IN THE WESTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER DIONNE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:23-cv-02531-JTF-cgc |
| | ) |
| **CARLOS DEL TORO, SECRETARY,** | ) |
| **DEPARTMENT OF THE NAVY,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION; DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

On August 25, 2023, *pro se* Plaintiff Christopher Dionne sued the United States Navy, alleging that the Navy Recruiting Command ("NRC") wrongfully suspended his access to classified material and placed him on an indefinite suspension without pay and allowances pending the resolution of his security clearance determination. (ECF No. 1, 2.) On November 27, 2023, Defendant Carlos Del Toro, Secretary of the United States Navy, filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 11.) Dionne filed a response to the Motion on February 29, 2024, and Defendant replied on March 18, 2024. (ECF Nos. 25 & 30.)

The Court referred the Motion to Magistrate Judge Charmiane G. Claxton for Report and Recommendation on January 16, 2024. (ECF No. 15.) Pending before the Court is the Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss ("R&R") submitted on July 11, 2024. (ECF No. 33.) Dionne filed his objections to the R&R on August 8, 2024. (ECF No. 37.) For the reasons set forth below, the R&R is **ADOPTED**, and Defendant's Motion to Dismiss is **GRANTED**.

## I.     LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "[t]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Motions to suppress evidence are among the motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A); *U.S. Fid. & Guarantee Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *See also*

28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674. The district court is not required to review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). An objection to a magistrate judge's report and recommendation that does nothing more than state a disagreement with the magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection, as required to preserve the right to appeal a subsequent order of the district court adopting the report. *J.A. v. Smith County School District*, 364 F. Supp. 3d 803, 811–12 (M.D. Tenn. 2019).

## II.      ANALYSIS

Dionne alleges that the NRC's wrongful actions with respect to his employment constitute violations of 5 U.S.C. § 7513; 18 U.S.C. § 4; 18 U.S.C. § 1001; 18 U.S.C. § 1519; and 28 U.S.C. § 4101. (ECF No. 1, 3-16.) Defendant moves for dismissal pursuant to Rules 12(b)(1) and 12(b)(6) on the grounds that (1) 18 U.S.C. § 4, 18 U.S.C. § 1001, 18 U.S.C. § 1519, and 28 U.S.C. § 4101 do not provide a private right of action; and (2) the Court lacks jurisdiction to review the merits of security clearance decisions and personnel actions predicated on those decisions. (ECF No. 11, 17-29.)

The Magistrate Judge recommends that this case be dismissed pursuant to Rule 12(b)(1) for precisely the reasons Defendant provided in his Motion. (ECF No. 33, 3.) Specifically, the Magistrate Judge noted that 18 U.S.C. § 4, 18 U.S.C. § 1001, 18 U.S.C. § 1519 are criminal

provisions, whereas 28 U.S.C. § 4101 only contains definitions for the code provisions pertaining to foreign judgments. (*Id.*) Consistent with that, she found that none of these sections conferred a private right of action. (*Id.* (citing cases).) The Magistrate Judge also recommends dismissal of Dionne's 5 U.S.C. § 7513 claim, because the Court lacks jurisdiction to consider issues pertaining to the grant or denial of a national security clearance. (*Id.* at 33 (citing *James L. Hale v. Bill Johnson*, No. 1:15-cv-14, 2016 WL 8673579, at n.8 (E.D. Tenn. Feb. 2, 2016).)

The fatal flaw with Dionne's complaint is that he cannot, *as a matter of law*, bring suit on four out of his five claims, and the Court lacks jurisdiction to entertain his fifth claim. In his response to the R&R, Dionne provides the Court with "[n]ew [m]aterial," "[o]bjections," and "[o]pinions." (ECF No. 37.) These three sections assert supplementary facts and challenge the Magistrate Judge's characterization of the case. However, the Court need not consider the facts undergirding Dionne's claims because Dionne lacks a right to bring the claims in the first place. Hence, nothing in Dionne's response can rescue his complaint from dismissal. The objections are **OVERRULED**, and the R&R is **ADOPTED**.

### III. CONCLUSION

Consistent with the foregoing, the Magistrate Judge's R&R is **ADOPTED**, and Defendant's Motion to Dismiss is **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(1).

**IT IS SO ORDERED**, this 12th day of August, 2024.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge